O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JESUS ALFREDO AYALA ESCALANTE,<br><br>    Petitioner,<br><br>vs.<br><br>ERIC HOLDER,<br><br>    Respondent. | No. CV 12-10569-CAS<br><br>PETITION FOR WRIT OF HABEAS CORPUS (Docket #1, filed December 10, 2012) |

## I. INTRODUCTION

On December 3, 2012, Magistrate Judge Wilner issued an order finding that petitioner Jesus Alfredo Ayala Escalante is extraditable to Mexico to face prosecution for kidnapping. In the Matter of the Extradition of Jesus Alfredo Ayala Escalante, Case No. CV 12-4617 CAS-MRW, Dkt. #70 (C.D. Cal. 2012) ("Extradition Order"). On December 10, 2012, petitioner filed a petition for a writ of habeas corpus challenging this order, and filed a brief in support of his petition on February 20, 2013. On March 25, 2013, the government filed an opposition. No reply has been filed. After considering the parties' arguments, the Court finds and concludes as follows.

///

## II. BACKGROUND

The kidnapping underlying the instant extradition proceedings occurred on July 18, 1996 in Guasave, Mexico. Four armed men approached the victim, identified as "RVA," and abducted him while he was standing beside a road. One of RVA's employees, identified as "JSA," witnessed the kidnapping. The kidnappers then took RVA to a stash house, where Mexican law enforcement authorities found him days later. One kidnapper was arrested at the scene.

Shortly after RVA's rescue, Mexican authorities showed both RVA and JSA a voter registration card that displayed petitioner's photo. The card had been found at the stash house. Both men identified petitioner as one of the kidnappers. Mexican authorities then sought an arrest warrant from the Mexican state of Sinaloa, but were unable to prosecute petitioner because he had moved to the United States.

Approximately fifteen years after the first identification, both RVA and JSA were shown six-pack photo arrays including petitioner's picture, and each witness again identified petitioner as one of the kidnappers.

On February 16, 2012, petitioner was arrested on a provisional extradition arrest warrant. On May 25, 2012, the government filed a request to extradite petitioner to Mexico. On November 9 and November 30, 2012, Magistrate Judge Wilner held evidentiary hearings regarding the request for extradition, and on December 3, 2012, Magistrate Judge Wilner certified petitioner for extradition.

## III. LEGAL STANDARD

"The scope of the district court's review of a magistrate's extradition order on a petition for writ of habeas corpus is limited to whether the magistrate had jurisdiction, whether the offence [sic] charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." Quinn v. Robinson, 783 F.2d 776, 790 (9th Cir. 1986) (citing Fernandez v. Phillips, 268 U.S. 311, 312 (1924)). Here, the only

disputed issue is whether there is sufficient evidence supporting the finding that there is reason to believe petitioner was one of RVA's kidnappers. See Extradition Order at 3 – 4.

Sufficient evidence exists to certify an individual for extradition if the government presents evidence that "demonstrate[s] probable cause to believe that the accused committed the crime charged." Zanzanian v. U.S., 729 F.2d 624, 626 (9th Cir. 1984). "[R]eview of the sufficiency of evidence in a habeas corpus proceeding is limited; [courts] must uphold the magistrate's probable cause finding if there is any competent evidence in the record to support it." Then v. Melendez, 92 F.3d 851, 854 (9th Cir. 1996).

## IV.   ANALYSIS

The only question before the Court is whether there is competent evidence in the record below to support the finding that probable cause exists to conclude that petitioner committed the alleged kidnapping. The decision below concluded that probable cause exists based on the eyewitness identifications in 1996 and 2011, and the fact that petitioner's voter identification card was found at the stash house. Extradition Order at 4 – 5.

Under the applicable law governing review of an extradition order, the decision below should not be overturned. Since there is no dispute that RVA was kidnapped, the existence of probable cause turns on whether petitioner can be identified as one of the assailants. The decision below found that RVA and JSA's eyewitness identifications provide probable cause to identify petitioner as one of the assailants, and there is no basis for finding that this conclusion was in error. First, the Court cannot revisit the finding that these identifications are credible, because "[t]he credibility of the reported identification is a matter committed to the magistrate and is not reviewable on habeas corpus." Manta v. Chertoff, 518 F.3d 1134, 1145 (9th Cir. 2008). Second, Ninth Circuit case law provides that "[a]n identification based on a single photograph may be

competent evidence of identity in an extradition proceeding." Id.; see also Quinn v. Robinson, 783 F.2d 776, 815 (9th Cir. 1996) ("An identification does not fail to constitute competent evidence merely because the required United States procedures for admissibility of the identification at trial were not followed."). Here, if anything, the evidence establishing identity is stronger than an identification based on a single photograph. In addition to the identifications given around the time of the kidnapping, petitioner's voter identification card was found at the stash house, and the eyewitnesses identified petitioner in a six-pack photo array fifteen years after originally identifying him from a single photo. Accordingly, there was competent evidence underlying the finding of probable cause in the decision below, and therefore the petition should be denied.

## V. CONCLUSION

In accordance with the foregoing, the petition for a writ of habeas corpus is hereby DENIED.

IT IS SO ORDERED.

Dated: July 9, 2013

_Christina A. Snyder_
CHRISTINA A. SNYDER
United States District Judge