O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JESUS ALFREDO AYALA ESCALANTE,<br><br>Petitioner,<br><br>vs.<br><br>ERIC HOLDER,<br><br>Respondent. | No. CV 12-10569-CAS<br><br>MOTION TO STAY PENDING EXTRADITION (Docket #16, filed July 24, 2013) |

## I.     INTRODUCTION AND BACKGROUND

On December 3, 2012, Magistrate Judge Wilner issued an order finding that petitioner Jesus Alfredo Ayala Escalante is extraditable to Mexico to face prosecution for kidnapping. In the Matter of the Extradition of Jesus Alfredo Ayala Escalante, Case No. CV 12-4617 CAS-MRW, Dkt. #70 (C.D. Cal. 2012). On December 10, 2012, petitioner filed a petition for a writ of habeas corpus challenging this order, and filed a brief in support of his petition on February 20, 2013. Additional background facts are known to the parties and set out in the Court's order dated July 9, 2013. Dkt. #12.

In its order dated July 9, 2013, the Court denied the petition. Dkt. #12. On July 15, 2013, petitioner filed an appeal from the Court's order. Additionally, on July 24, 2013, petitioner filed a motion requesting that the court issue an order staying

petitioner's extradition pending his appeal.  The government filed an opposition on August 14, 2013.  After consider the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

"A stay is not a matter of right, even if irreparable injury might otherwise result.  It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."  Nken v. Holder, 556 U.S. 418, 433 (2009) (internal citations and quotation marks omitted).  Courts consider four factors when considering whether to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Leiva-Perez v. Holder, 640 F.3d 962, 964 (9th Cir. 2011); Artukovic v. Rison, 784 F.2d 1354, 1355 (9th Cir. 1986) (applying these factors when considering stay of extradition pending appeal).  Regarding the first factor, likelihood of success on the merits, a stay may only issue if the petitioner demonstrates either a probability of success on the merits or that serious legal questions are raised, depending on the strength of the petitioner's showing as to the other factors.  Leiva-Perez, 640 F.3d at 967 (quoting Abbassi v. I.N.S., 143 F.3d 513, 514 (9th Cir 1998)).

## III.   ANALYSIS

Here, a denial of petitioner's application for a stay is required because he has made no showing of either a probability of success on the merits or that serious legal questions are raised by his appeal.  The only question raised by the petition is whether there is competent evidence in the record below to support a finding that probable cause exists to conclude that petitioner committed the alleged kidnapping.  As explained in the Court's order, under binding Ninth Circuit law, competent evidence exists because the decision below properly relied on eyewitness identifications, even though the

identifications were based on a single photograph and not a six-pack photospread. Manta v. Chertoff, 518 F.3d 1134, 1145 (9th Cir. 2008) ("The credibility of the reported identification is a matter committed to the magistrate and is not reviewable on habeas corpus. . . . An identification based on a single photograph may be competent evidence of identity in an extradition proceeding."); Quinn v. Robinson, 783 F.2d 776, 815 (9th Cir. 1996) ("An identification does not fail to constitute competent evidence merely because the required United States procedures for admissibility of the identification at trial were not followed."); Dkt. #12 at 3 – 4 (discussing Quinn and Manta).

Because there is no showing of likelihood of success, the Court finds that the request for a stay should be denied.

## IV.  CONCLUSION

In accordance with the foregoing, the request for a stay pending appeal is hereby DENIED.

IT IS SO ORDERED.

Dated: August 14, 2013

_____
CHRISTINA A. SNYDER
United States District Judge